IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> JAY H. WARD AND LAURA A. WARD, <br><br> Defendants. | CV 21-07-M-KLD <br><br> ORDER |

This declaratory judgment action comes before the Court on cross-motions for summary judgment by Plaintiff State Farm Fire & Casualty Company ("State Farm") and Defendants Jay H. Ward and Laura A. Ward ("the Wards"). (Docs. 10 and 12). For the reasons set forth below, State Farm's motion is granted and the Wards' cross-motion is denied.

I. **Background**

On May 24, 2020, Jay Ward was operating a tractor and negligently injured his spouse, Laura Ward. (Doc. 9, at 2). At the time of the accident, the Wards were insured under a homeowners policy issued by State Farm ("the Policy"). (Doc. 6, at 2). The Policy provides a personal liability coverage limit of $300,000 per

occurrence and a medical payments limit of $1,000. (Doc. 6, at 1-2). The Policy excludes personal liability coverage and medical payments coverage for "bodily injury to any insured." (Doc. 1-1, at 38). It is undisputed that Laura and Jay Ward are "insureds" under the Policy. (Doc. 6, at 3).

On January 11, 2021, State Farm commenced this declaratory judgment action against the Wards based on diversity jurisdiction. (Doc. 1, at 2). Because Laura Ward is an "insured" under the Policy, State Farm alleges that the exclusion for "bodily injury to any insured" precludes all coverage for the injuries she sustained in the accident on May 24, 2020. (Doc. 1, at 4, ¶ 17). Thus, State Farm seeks a declaratory judgment that the Policy does not provide liability coverage or medical payments coverage to the Wards for damages sustained by Laura Ward as a result of Jay Ward's negligence. (Doc. 1, at 5; Doc. 11, at 2).

State Farm moves for summary judgment on the ground that the Policy's exclusion for "bodily injury to any insured" expressly precludes all coverage for Laura Ward's injuries. The Wards cross-move for summary judgment on the ground that the Policy violates the Montana Property and Casualty Insurance Policy Language Simplification Act, Mont. Code Ann. § 33-15-333 et. seq. ("the Simplification Act"), thereby invalidating the exclusion State Farm is relying on to deny coverage.

//

## II. Legal Standards

### A. Summary Judgment

Under Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). A movant may satisfy this burden where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 251 (1986).

Once the moving party has satisfied its initial burden with a properly supported motion, summary judgment is appropriate unless the non-moving party designates by affidavits, depositions, answers to interrogatories or admissions on file "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. The party opposing a motion for summary judgment "may not rest upon the mere allegations or denials" of the pleadings. *Anderson*, 477 U.S. at 248.

In considering a motion for summary judgment, the court "may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing*

3

*Prods.*, 530 U.S. 130, 150 (2000); *Anderson*, 477 U.S. at 249-50. The Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in the non-moving party's favor. *Anderson*, 477 U.S. at 255; *Betz v. Trainer Wortham & Co., Inc.*, 504 F.3d 1017, 1020-21 (9th Cir. 2007).

When presented with cross-motions for summary judgment on the same matters, the court must "evaluate each motion separately, giving the non-moving party the benefit of all reasonable inferences." *American Civil Liberties Union of Nevada v. City of Las Vegas*, 333 F.3d 1092, 1097 (9th Cir. 2003).

    B.    **Application of Montana Law**

Where, as here, a declaratory judgment action is in federal court based on diversity jurisdiction, the propriety of granting declaratory relief is a procedural matter to which federal law applies but the underlying substantive issues are governed by state law. *Paul Evert's RV Country, Inc. v. Universal Underwriters Ins. Co.*, 2016 WL 3277175, *2 (E.D. Cal. June 14, 2016) (citing *Golden Eagle Ins. Co. v. Travelers Cos.*, 103 F.3d 750, 752 (9th Cir. 1996), overruled on other grounds by *Govt. Employees Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998)). Thus, the Court applies Montana law to all substantive legal issues. See *Medical Laboratory Mgmt. Consultants v. American Broadcasting Companies, Inc.*, 306 F.3d 806, 812 (9th Cir. 2002).

    C.    **Insurance Policy Interpretation**

It is settled law in Montana that the interpretation of an insurance contract presents a question of law. *Scentry Biologicals, Inc. v. Mid-Continent Cas. Co.*, 319 P.3d 1260, ¶ 25 (Mont. 2014). A court interpreting an insurance policy is to read the policy as a whole and, to the extent possible, reconcile the policy's various parts to give each meaning and effect. *Kilby Butte Colony, Inc v. State Farm Mut. Auto. Ins. Co.*, 403 P.3d 664, ¶ 10 (Mont. 2017). The court must interpret the terms of the "insurance policy according to their usual, common sense meaning as viewed from the perspective of a reasonable consumer of insurance products." *Allstate Ins. Co. v. Wagner-Ellsworth*, 188 P.3d 1042, ¶ 16 (Mont. 2008) (quoting *Stutzman v. Safeco Ins. Co. of America*, 945 P.2d 32, 34 (Mont. 1997)). In doing so, the court "may not rewrite the contract at issue, but must enforce it as written if its language is clear and explicit." *Allstate Ins. Co.*, at ¶ 16.

"Unambiguous insurance provisions are to be enforced unless the provision violates public policy or is against good morals." *Fisher ex rel McCartney v. State Farm Mutual Auto Ins. Co.*, 305 P.3d 861, 868 (Mont. 2013). If the terms of an insurance policy are ambiguous, however, that ambiguity must be strictly construed against the insurer. *Stutzman*, 945 P.2d at 34. "An '[a]mbiguity exists only when the contract taken as a whole or in its wording or phraseology is reasonably subject to two different interpretations.'" *Farmers Alliance Mut. Ins. Co. v. Holeman*, 961 P.2d 114, ¶ 25 (Mont. 1998).

## III. Discussion

The parties dispute whether the Policy complies with the Simplification Act, and whether the "bodily injury to any insured" exclusion is enforceable. Because the Policy includes a table of contents and notice section of important provisions, and because the "bodily injury to any insured exclusion" is not sufficiently "important" to require specific mention in the table of contents or notice section, the Policy complies with the Simplification Act and the exclusion is enforceable.

### A. The "bodily injury to any insured" Exclusion is Facially Valid and Enforceable Under Montana Law

In moving for summary judgment, State Farm begins with the premise that, under Montana law, the Policy's "bodily injury to any insured" exclusion is a valid and enforceable limitation on coverage. State Farm relies on *Fisher,* in which the Montana Supreme Court upheld a similar exclusion in a personal umbrella liability policy. In *Fisher*, the plaintiff was injured as a result of her husband's negligent operation of a vehicle. *Fisher*, 305 P.3d at 865. The policy contained an exclusion for "bodily injury or personal injury to any insured," and defined an "insured" to include relatives of the named insured who resided in the same household. *Fisher*, 305 P.3d at 865. The plaintiff's husband was identified as the named insured on the policy's declarations page. *Fisher*, 305 P.3d at 865. The Court found that the plaintiff was an "insured" because she was related by marriage to the named insured and they primarily resided in the same household. *Fisher*, 305 P.3d at 865.

Because the plaintiff was an insured, the Court held that the policy excluded coverage for the plaintiff's injuries. *Fisher*, 305 P.3d at 865.

After determining that the policy excluded coverage on its face, the Court considered whether public policy or principles of contract interpretation prohibited enforcement of the exclusion. *Fisher*, 305 P.3d at 865. First, the Court concluded that the reasonable expectations doctrine did not apply because the exclusion "clearly demonstrated an intent to exclude coverage" for the plaintiff's claim. *Fisher*, 305 P.3d at 867. The Court also concluded that the exclusion did not violate two Montana statutes requiring certain minimum levels of automobile liability insurance, *Fisher*, 305 P.3d at 869-71, and did not "undermine the made-whole doctrine, constitute illusory coverage that defeats coverage for which the insurer has received valuable consideration, or violate public policy in any other way." *Fisher,* 305 P.3d at 867. Finally, the Court held that the exclusion was not unconscionable. *Fisher*, 305 P.3d at 872-73.

State Farm argues that *Fisher* is controlling, and asks the Court to find as a matter of law that the Policy's "bodily injury to any insured" exclusion is valid and enforceable. As the Wards make clear in response, however, they are not challenging the facial validity of the "bodily injury to any insured" exclusion on the ground that is ambiguous, unconscionable, or violated their reasonable expectations. Rather, they maintain that Policy violates the requirements of the

Simplification Act, thereby rendering the exclusion unenforceable on public policy grounds. See *Fisher*, 305 F.3d at 868 (recognizing that "[i]nsurance provisions which 'violate express statutes' are contrary to public policy and void") (quoting *Mont. Petroleum Tank Release Comp. Bd. v. Crumleys, Inc.*, 174 P.3d 948, 959 (Mont. 2008).

B. **The Policy Complies with the Simplification Act and the "bodily injury to any insured" Exclusion is Enforceable**

The Simplification Act applies to all property and casualty insurance policies issued in the state of Montana, subject to certain exceptions not applicable here. Mont. Code Ann. § 33-15-336. The purpose of the Simplification Act "is to establish minimum language and format standards to make property and casualty policies easier to read." Mont. Code Ann. § 33-15-334(1). The Simplification Act provides that "the policy must include a table of contents and notice section of important provisions." Mont. Code Ann. § 33-15-337(2).

The Wards first claim that the Policy violates § 33-15-337(2) of the Simplification Act because it does not contain a notice section of important provisions. This omission, the Wards argue, is a per se violation of the Simplification Act and renders the exclusion void and unenforceable. (Doc. 13, at 14).

Although the Policy does not include a section expressly titled "Notice Section of Important Provisions," it contains a section titled "Important Notice"

8

that notifies the insured of changes to the policy, including reductions or eliminations of coverage. (Doc. 1-1, at 6). In addition, the Policy preamble includes a "Notice to Policyholder" stating that "for a comprehensive description of coverages and forms, please refer to your policy." (Doc. 1-1, at 9). The Policy also includes a notification on its first page stating in prominent boldface type:

> This policy is one of the broadest forms available today, and provides you with outstanding value for your insurance dollars. However, we want to point out that every policy contains limitations and exclusions. Please read your policy carefully, especially "Losses not Insured" and all exclusions.

(Doc. 1-1, at 10). Contrary to the Wards argument, the Simplification Act does not require the notice section to expressly state that it is a "Notice Section of Important Provisions." Thus, the notice sections identified above are sufficient to facially satisfy the Simplification Act's requirement that a policy include a notice section of important provisions.

The Wards next argue that the "bodily injury to any insured" exclusion is an "important" provision with the meaning of the Simplification Act, and take the position that the Policy's notice provisions are insufficient because they do not mention the exclusion. Likewise, while the Policy contains a table of contents (Doc. 1-1 at 11-12), the Wards maintain it too is inadequate because it does not refer to the exclusion.

The Wards rely on *Crumleys* for the proposition that failure to include an exclusion in a policy's table of contents and notice section renders the exclusion

void and unenforceable. In *Crumleys*, the insured sought to recover the costs of cleanup and corrective action for a leaking underground diesel fuel tank. *Crumleys*, 174 P.3d at 953-54. The commercial liability policy at issue contained a notice provision that required the insured to report any damage or loss to the insurer within 120 hours of the of the occurrence or loss. *Crumleys*, 174 P.3d at 954. The insured denied coverage based on the insured's failure to give timely notice under the 120-hour notice requirement. *Crumleys*, 174 P.3d at 954.

The Montana Supreme Court held that the 120-hour notice provision was void and unenforceable because the policy did not highlight the notice provision in a table of contents or notice section, in clear violation of § 33-15-337(2) of the Simplification Act. *Crumleys*, 174 P.3d at 959-60. See also *Van Vallis v. Transcontinental Insurance Co.*, 2008 WL 11348493 (D. Mont. Aug. 7, 2008) (following *Crumleys* and holding that a casualty policy's prompt and immediate notice provision violated the Simplification Act because the insurer failed to establish that the provision was highlighted in a table of contents or notice section of important provisions).

State Farm argues *Crumleys* and *Van Vallis* are distinguishable because both required special notification of restrictive notice-of-claim provisions, not exclusions from coverage. The Court agrees, and finds that two recent decisions in this district are particularly instructive. *Employers Mutual Casualty Co. v. Hansen*,

2021 WL 961775, at ** 8-9 (D. Mont. March 15, 2021); *Hatler v. Mountain West Farm Bureau Mut. Ins. Co.*, 2021 WL 2589729, at ** 4-6 (D. Mont. June 24, 2021).

In *Employers Mutual*, the insurer sought a declaratory judgment as to its duty to defend and indemnify the insured under a commercial general liability policy and a commercial umbrella policy. *Employers Mutual*, 2021 WL 961775, at *2. Citing to *Crumleys*, the insured argued that the policies violated the Simplification Act because they failed to include a notice section of important provisions and the umbrella policy also failed to include a table of contents, thereby invaliding the insurer's basis for denying coverage. *Employers Mutual*, 2021 WL 961775, at *3. In particular, the insured contended "that the Court should refuse to enforce the language defining 'who is an insured' under the policies." *Employers* Mutual, 2021 WL 961775, at *8.

The Court declined to do so, noting that the Simplification Act expressly provides that it is "not intended to increase the risk assumed under policies subject to [the Act]." *Employers Mutual*, 2021 WL 961775, at *9 (quoting Mont. Code Ann. § 33-15-334(2)). The Court reasoned that applying the Simplification Act as requested by the insured would improperly "rewrite the insurance contract to increase the scope of the risk" assumed by the insurance company. *Employers Mutual*, 2021 WL 961775, at *9. Furthermore, although C*rumleys* did not

11

elaborate on what policy provisions might be considered "important," the Court agreed that "[c]learly, a provision in an insurance contact requiring strict compliance with a very short notice period to avoid the termination of all coverage under the policy is such an important provision." *Employers Mutual*, 2021 WL 961775, at *9. The Court then observed that, unlike the notice provision at issue in *Crumleys*, "provisions defining 'who is an insured' are not extensions of coverage or endorsements excluding coverage, and they did not require any action by [the insured] to implement or maintain coverage." *Employers Mutual*, 2021 WL 961775, at *9. Accordingly, the Court held that *Crumleys* did not compel it to find that the insurer's failure include a table of contents or to highlight the definition of "who is an insured" in a separate notice section constituted a violation of the Simplification Act. *Employers Mutual*, 2021 WL 961775, at *9.

Here, as in *Employers Mutual*, the Policy complies with the Simplification Act. First, the Simplification Act is not intended to increase the scope of the risk assumed by the insurer. Voiding the "bodily injury to any insured" exclusion and allowing the Wards to recover under the Policy would do just what the Simplification Act prohibits, and increase the scope of the risk assumed by State Farm under the Policy. Next, the Policy's "bodily injury to any insured" exclusion is like the "who is an insured" provision at issue in *Employers Mutual* because it is not an extension of coverage and does not require any action to implement or

12

maintain coverage.

However, the Policy's "bodily injury for any insured" provision is distinguishable from the "who is an insured" provision in one notable respect. Unlike like that definitional provision, the Policy's "bodily injury to any insured" provision is an exclusion from coverage. Despite this distinction, the Montana Supreme Court's decision in *Fisher* provides persuasive support for State Farm's argument that the Policy's "bodily injury to any insured" exclusion is not an "important" provision within the meaning of the Simplification Act. Although the plaintiffs in *Fisher* did not raise the Simplification Act, they argued the policy should have included a special notice section highlighting the exclusion for "bodily injury or personal injury to any insured." *Fisher*, 305 P.3d at 867. The Court rejected this argument and found that no additional notice was necessary, noting "there is nothing unusual about a policy that requires the insured to read the exclusion section, the definition section, and the declaration page to determine the scope of coverage." *Fisher*, 305 P.3d at 867.

The Court's recent decision in *Hatler v. Mountain West Farm Bureau Mut. Ins. Co.*, 2021 WL 2589729, at **4-6 (D. Mont. June 24, 2021) provides additional, compelling support for State Farm's argument that the Policy complies with the Simplification Act. In *Hatler*, a motor vehicle insurance policy excluded medical payments coverage for bodily injury "sustained by any 'family member'

while 'occupying' …any vehicle (other than a covered 'auto') owned by or furnished or available for the regular use of any 'family member.'" *Hatler*, 2021 WL 2589729, at *3. The policy also listed several exclusions for uninsured motorist coverage, including one for bodily injury sustained by a family member while occupying "any vehicle (other than a Covered auto)." *Hatler*, 2021 WL 2589729, at *3. The Court concluded that both exclusions unambiguously barred coverage. *Hatler*, 2021 WL 2589729, at **3, 4.

The plaintiff in *Hatler* argued that the policy violated the Simplification Act because it failed to include the exclusions at issue within the policy's general table of contents. *Hatler*, 2021 WL 2589729, at *5. The Court rejected this argument, reasoning that if the court were to accept the plaintiff's position, "a valid table of contents would have to include any coverage feature that potentially could defeat coverage. This requirement would cover nearly all provisions of a given insurance policy, and produce, in essence, a table of contents as long as the insurance policy itself." *Hatler*, 2021 WL 2589729, at *5. The Court further reasoned that expanding the table of contents to include every provision that could potentially defeat coverage would "create an Index too expansive to be useful for any insured." *Hatler*, 2021 WL 2589729, at *5.

Addressing *Crumleys*, the Court noted that invalidation of the 120-hour notice provision did not expand coverage under the policy. *Hatler*, 2021 WL

2589729, at *5. Instead, *Crumleys* "invalidated a provision of the insurance policy that otherwise denied rightful coverage." *Hatler*, 2021 WL 2589729, at *5. Conversely, invalidating the exclusions at issue in *Hatler* would "expand the Policy to cover family members occupying autos that otherwise would not be covered under the Policy." *Hatler*, 2021 WL 2589729, at *6. The Court thus declined to invalidate the policy's reasonable coverage exclusions on the ground that doing so would expand coverage in violation of the Simplification Act. *Hatler*, 2021 WL 2589729, at *6.

Here, as in *Hatler*, accepting the Wards' argument that the Simplification Act required State Farm to specifically mention the "bodily injury to any insured" exclusion in the Policy's table of contents would, in effect, require an insurer to include any provision that could potentially defeat coverage. This would create a table of contents too expansive to be useful, conflicting with the Simplification Act's purposes of making insurance policies easier to read. See Mont. Code Ann. § 33-15-334(1). Moreover, like *Hatler* and unlike *Crumleys*, the "bodily injury to any insured" exclusion does not deny otherwise rightful coverage under the Policy. Rather, like *Hatler*, invalidating the exclusion would expand the risk assumed by State Farm in direct conflict with the Simplification Act's purpose of not increasing "the risk assumed under the policies" to which it applies. See Mont. Code Ann. § 33-15-334(2).

The primary case that the Wards rely on for the contrary position -- that the "bodily injury to any insured" exclusion is unenforceable because Policy violates the Simplification Act -- is distinguishable. The Wards argue this case is controlled by *High Country Paving v. United Fire*, 2020 WL 42722 (D. Mont. Jan. 3, 2020), *appeal filed* (9th Cir. Sept. 9, 2020). There, the insurance policy at issue contained two exclusions that unambiguously excluded coverage under the facts presented. *High Country Paving*, 2020 WL 42722, at *3. The policyholder moved for summary judgment, arguing the policy was "facially noncompliant" with the Simplification Act because it did not contain a table of contents or a notice section of important provisions. *High Country Paving*, 2020 WL 42722, at *3. The Court agreed, and held that under *Crumleys*, the exclusions were unenforceable because the policy failed to conform to the requirements of Simplification Act. *High Country Paving*, 2020 WL 42722, at *3.

Because *High Country Paving* involved a policy that lacked a table of contents and notice section of important provisions, it is distinguishable from the Policy at issue here, which includes both and is therefore facially compliant with the Simplification Act.

## IV. <u>Conclusion</u>

For the reasons discussed above, the Court concludes that the Policy complies with the Simplification Act and the "bodily injury to any insured"

16

exclusion is enforceable. Accordingly,

IT IS ORDERED that State Farm's Motion for Summary Judgment (Doc. 10) is GRANTED and the Wards' Cross-Motion for Summary Judgment (Doc. 12) is DENIED.

DATED this 15th day of July, 2021.

_____
Kathleen L. DeSoto
United States Magistrate Judge